# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**CAMBRIN BARNES**                                                      **PLAINTIFF**


**v.**                          **No: 2:25-cv-00103 JM/PSH**


**GARY KERSTEIN,** *et al.*                                             **DEFENDANTS**


## <u>ORDER</u>

On June 15, 2026, Defendants Tracy Bennett, Katheren Billingsley, Kanaka Byrd, Captola Clinkscale, Emma Hatchett, Jameria Jones, Gary Kerstein, Albert Kittrell, Montana Middleton, Jason Palmer, Crystal Rivers, Beryl Rushefsky, and Tashanna VanPelt filed a Motion for Summary Judgment on the merits of Barnes' claims, together with a Brief in Support and a Statement of Undisputed Material Facts (Doc. Nos. 35 - 37).  On June 15, 2026, Defendants Barbara Williams Johnson and Chaquita Sanders filed a Motion for Summary Judgment on the merits of Barnes' claims, together with a Brief in Support and a Statement of Undisputed Material Facts.   (Doc. Nos. 38 – 40).  Barnes now has an opportunity to file a response opposing the motions. To be considered, the response must be filed within twenty-eight days of this order's entry date.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof.  *See* Fed. R. Civ. P. 56(e).  Accordingly,

Barnes' response must include legal arguments as well as evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. Such evidence may include declarations or notarized affidavits that he or others have signed.   Affidavits and declarations are sworn statements that are made under penalty of perjury (*see* 28 U.S.C. § 1746). Unsworn statements will not be considered in deciding the motions for summary judgment.  And to be considered, an affidavit or declaration must be based on personal knowledge of the person who signs it.

If Barnes files a response, he must also file a <u>separate</u>, short statement which lists: (a) any disagreement he has with the specifically numbered factual assertions contained in the defendants' statement of undisputed facts; and (b) any other disputed facts that he believes must be resolved at a hearing or trial.  *See* Local Rule 56.1, Rules of the United States District Court for the Eastern District of Arkansas. If Barnes disputes any of the facts set forth in the defendants' statement of undisputed facts, he must identify each numbered paragraph that contains the facts he disputes and, for each paragraph, explain why he disputes those facts.

Finally, Barnes is advised that if he intends to rely upon grievances or records that have been filed with the Court previously, he must specifically refer to those documents by docket number, page, date, and heading. The Court will not sift through the file to find support for Barnes' factual contentions.  *See Crossley v.*

*Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

Barnes may file a response to the defendants' motions for summary judgment along with a separate statement of disputed facts that complies with Fed. R. Civ. P. 56, Local Rule 56.1 and the instructions set forth in this Order within twenty-eight days. While Barnes is not required to file a response to the motions for summary judgment, if he does not respond, the facts set forth in the defendants' statement of facts may be deemed admitted by Barnes, pursuant to Local Rule 56.1(c).

IT IS SO ORDERED this 16th day of June, 2026.

_____
UNITED STATES MAGISTRATE JUDGE